The Honorable Lindbergh Thomas State Representative P.O. Box 505 Grady, AR 71644-0505
Dear Representative Thomas:
I am writing in response to your request for an opinion concerning the legality of Lincoln County Quorum Court Ordinance No. 2004-2. This ordinance amended paragraph nineteen (19) of the Lincoln County Employment Policy concerning employee attendance and timekeeping for county employees, and it revised the previous Lincoln County Quorum Court Ordinance No. 2003-24 in this regard. You have identified the following specific concerns in questioning the legality of this ordinance:
 It seems the main concerns are if a time clock is made mandatory, shouldn't the County Clerk as payroll clerk, be compelled to compute hourly wages and pay them instead of semi-monthly wages? Also, if the Labor Board requires documentation for actual hours worked, would not the time sheets signed by both parties be documentation? Finally, within this ordinance, law enforcement officers are excluded. If employees are deputized, does this eliminate them from using a time clock?
RESPONSE
It is my opinion that your concern regarding the legality of Ordinance 2004-2 is, generally, unfounded. In my opinion, the ordinance falls within the Quorum Court's general authority to promulgate regulations dealing with matters of employee policy and practices. See A.C.A. §14-14-805(2) (Repl. 1998). It establishes requirements with respect to employee work attendance and attendance records, areas clearly falling within the Quorum Court's local legislative authority, assuming no conflict with policies that bear uniquely on the functioning of a particular executive agency. Id. (charging elected officers with "[t]he day-to-day administrative responsibility" of running their offices). Seealso generally Op. Att'y Gen. 2000-151 (addressing the distinction between general policies and practices that may be fashioned by the quorum court and policies that may be adopted by an elected officer for the operation of a particular elective office).[1]
Turning to the specific concerns you have identified, first, as to wages, I perceive no basis in Ordinance 2004-2 for compelling the computation and payment of wages on an hourly basis. The ordinance addresses matters of attendance and attendance records only. Although I have not been provided with any other Lincoln County ordinances, I assume that compensation of county employees and officers is addressed separately, pursuant to the Quorum Court's clear authority in this regard. See Ark. Const. amend. 55, § 4 and A.C.A. §§ 14-14-1206 (a) and -801 (b) (6) and (7) (Repl. 1998). Such ordinances would have to be referenced to determine the current payment procedures. For purposes of your inquiry, however, it is sufficient to note that Ordinance 2004-2 does not address pay periods, and consequently places no requirements on the clerk in that respect.[2]
Regarding the second area of concern involving documentation of hours worked, it is my opinion that the requirements imposed by Ordinance 2004-2 apply, despite that fact that a different requirement might satisfy the federal Fair Labor Standards Act (FLSA) (see n. 2, supra). I presume you are referring to this body of law in referencing the "Labor Board." I am not in a position to opine on the application of the FLSA, and must refer you instead to U.S. Department of Labor for guidance in that regard. Assuming, however, that the county meets the federal documentation requirements, it is my opinion that the Quorum Court may establish separate and perhaps additional requirements, in the exercise of its local legislative authority. See generally Ark. Const. amend. 55, §§ 1(a) and 4.
As for your question concerning employees who are "deputized," it is possible that such employees would not thereafter utilize a time clock, based upon the ordinance's exception for "law enforcement officers." See
n. 1, supra. This of course assumes that the "deputized" employees would, in fact, thereby qualify as law enforcement officers. You have provided no information in this regard, and I am unable to independently make that determination. My inability to conclusively opine on this matter also emanates from my uncertainty concerning the "law enforcement officer" exception. Please refer to the discussion of this issue in the foregoing footnote. Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] My only hesitancy in this regard stems from the ordinance's exception for law enforcement officers. Article One of Ordinance 2004-2 states that "[a]ll county employees, with the exception of lawenforcement officers and elected officials, will utilize a time clock." (Emphasis added). The exception for elected officials is consistent with the requirement in A.C.A. § 14-14-805 (2) that general employee policy and practices "shall be applicable only to employees of the county andshall not apply to the elected county officers of the county." (Emphasis added). I am uncertain, however, regarding the "law enforcement officer" exception, in view of A.C.A. § 14-14-805 (2)'s requirement that "[l]egislation applying to employee policy and practices shall be uniformin application to all employees of the county." (Emphasis added). The statute thus exempts from the scope of a county's general employment policy only elected county officers, not these officers' staffs. See Op. 2000-151, supra. It may also be pertinent to observe, however, as noted above, that elected officers are charged under § 14-14-805 (2) with "day-to-day administrative responsibility" of running their offices. This in effect operates as a limitation upon the quorum court's authority to develop general personnel policies, and could potentially explain the ordinance's exception in this instance for law enforcement officers. I say "potentially" because I lack sufficient information to definitively address the matter. The unique work hours of law enforcement officers, who may be on call for extended periods, could explain the exception. But a conclusive determination would require reference to any relevant "executive" policies (see Op. 2000-151, supra), and may require interpreting the ordinance, a matter falling outside the normal scope of an opinion from this office. I lack the resources and the authority to undertake the necessary analysis in determining local legislative intent. Consequently, any issues arising from the ordinance's exception for law enforcement officers should be addressed at the local level, through local counsel.
[2] The county, as an employer, is of course subject to federal wage and hour law. See generally Op. Att'y Gen. 2001-365). The Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq, requires employers to pay certain employees an increased wage for hours worked in excess of forty hours per week. 29 U.S.C. § 207(a). You have not inquired specifically as to any FLSA requirements, and this opinion does not address that body of law, the application of which should be addressed by the county attorney.